```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

SHARON WANDLING and
GEORGE WANDLING,

       PlaintiffS,

v.                                  Civil Action No. 2:09-0422

HONG KONG AND SHANGHAI BANKING
CORPORATION LIMITED, HSBC MORTGAGE
SERVICES, INC., HSBC GROUP,
HSBC NORTH AMERICA, SAFECO INSURANCE
COMPANY OF AMERICA, GENERAL INSURANCE
COMPANY OF AMERICA, AMERICAN SECURITY
COMPANY, ASSURANT, RAMSEY INSURANCE
AGENCY, INC., and LITITZ MUTUAL
INSURANCE COMPANY

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the motion to dismiss of defendants Hong Kong and Shanghai Banking Corporation Limited ("Hong Kong and Shanghai Banking"), and HSBC North America, both of whom also seek the dismissal of HSBC Group, filed June 1, 2009.

I.

Plaintiffs filed their complaint in the Circuit Court of Kanawha County on June 19, 2008. The complaint refers to defendants Hong Kong and Shanghai Banking, HSBC North America, HSBC Group, and HSBC Mortgage Services, Inc., collectively as

"HSBC." (Compl. ¶ 2). The complaint states that these defendants "are financial institutions who engage in a broad range of banking services including mortgages and consumer loans . . .. These defendants operate throughout the United States, including Kanawha County, West Virginia." (<u>Id.</u> at ¶ 2). The complaint further explains "that HSBC Mortgage Services is a subsidiary of HSBC Group and HSBC North America which are subsidiaries of Hong Kong and Shanghai Banking Corporation, Limited." (<u>Id.</u> at ¶ 3). As to these groups referred to as "HSBC" collectively, the complaint alleges breach of contract, fraud, conversion, breach of covenant of good faith and fair dealing, and negligence

      On July 30, 2008, the Clerk of the Circuit Court of Kanawha County issued a single summons directed to Hong Kong and Shanghai Banking, HSBC North America, HSBC Group, and HSBC Mortgage Services, Inc. (Defs.' Mot. Dismiss 2; <u>see also</u> Defs.' Mot. Dismiss Ex. 1). Defendants removed the matter to this court on the basis of diversity jurisdiction, on April 23, 2009. On June 1, 2009, defendants Hong Kong and Shanghai Banking and HSBC North America moved to dismiss, with supporting affidavit, for lack of personal jurisdiction and insufficiency of process. Those two defendants also sought the dismissal of the allegedly

fictional entity HSBC Group.  Defendants contend: (1) the court lacks personal jurisdiction over Hong Kong and Shanghai Banking and HSBC North America, (2) Hong Kong and Shanghai Banking and HSBC North America should be dismissed because plaintiffs failed to properly serve them with process, and (3) HSBC Group should be dismissed because it is fictional.

Plaintiffs having failed for three months to respond to defendants' motion to dismiss, the court, by order entered September 3, 2009, directed that a response and any accompanying affidavit be filed by the plaintiffs.  When the plaintiffs did respond on September 14, 2009, the plaintiffs made no response to the jurisdictional facts as alleged by the defendants or to the supporting affidavit of Michael J. Forde, the Assistant Secretary of HSBC Mortgage Service, Inc.  The only response of plaintiffs to the motion to dismiss is to consent to the dismissal without prejudice of these three defendants while reserving the right to join these parties as defendants if discovery reveals wrongdoing on their part. (Pls.' Resp. at 1, 2).  These defendants seek dismissal with prejudice.

II

Defendants Hong Kong and Shanghai Banking and HSBC North America challenge pursuant to Federal Rule of Civil Procedure 12(b)(2) the exercise of personal jurisdiction over them.  The proper resolution of a Rule 12(b)(2) motion involves somewhat unique procedural and substantive components.  Our court of appeals has previously described the procedural component:

> When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence.  Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). "But when, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge."  Id.; see also In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997). Under such circumstances, courts "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs, 886 F.2d at 676.

New Wellington Financial Corp. v. Flagship Resort Development Corp., 416 F.3d 290, 294 (4th Cir. 2005); Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004); Carefirst of Md., Inc. v.

4

Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003).

Regarding the substantive component, one must ordinarily clear two hurdles to establish personal jurisdiction. First, plaintiff must identify, and bring the nonresident within, the terms of an applicable state long arm statute, thereby satisfying the requirement that personal jurisdiction receive the sanction of the state sovereign in which the district court is located. See Fed. R. Civ. P. 4(k)(1)(A); Carefirst, 334 F.3d at 396; Young v. New Haven Advocate, 315 F.3d at 261; Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993). Second, plaintiff must demonstrate that the exercise of personal jurisdiction would be consistent with due process. See Mitrano, 377 F.3d at 407; English & Smith v. Metzger, 901 F.2d 36, 38 (4th Cir. 1990).

Inasmuch as our court of appeals has held that the West Virginia long-arm statute is coextensive with the proper reach of due process, In re Celotex Corp., 124 F.3d 619, 627 (4th Cir. 1997), the two-part inquiry merges into one, requiring examination of whether the exercise of personal jurisdiction over the nonresident defendant will comport with due process. That requirement is satisfied if the defendant can be said to have

5

"minimum contacts" with the forum.  These contacts must be of a quality and quantum that requiring the nonresident party to defend its interests within the state would "not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316  (1945) (internal quotation marks omitted); Mitrano, 377 F.3d at  407; Carefirst, 334 F.3d at 396.

Here, plaintiffs' allegations within the complaint would, in the absence of satisfactory evidence to the contrary, establish a prima facie case for personal jurisdiction.  In their complaint, plaintiffs allege that HSBC Mortgage Services is a subsidiary of HSBC Group and HSBC North America which are subsidiaries of Hong Kong and Shanghai Banking.  (Compl. ¶ 3). They further contend that each of these parties "operate throughout the United States, including Kanawha County, West Virginia." (Id. at ¶ 2).  The allegations of the complaint must be taken as true "except insofar as controverted by the defendant's affidavit. . .." Wolf v. Richmond County Hosp. Authority, 745 F.2d 904, 908 (4th Cir. 1984).[1]  The moving

---

[1] Whereas the Fourth Circuit has not reconsidered this rule following the United States Supreme Court's decision in Twombly, several post-Twombly decisions have continued to treat plaintiffs' allegations in the complaint as true only insomuch as the allegations are uncontroverted by the defendant.  GCIU-

defendants have controverted these allegations through the sworn affidavit accompanying their motion to dismiss.

As noted, the defendants have provided the affidavit of Michael Forde, the Assistant Secretary for HSBC Mortgage Services Inc. He states that neither Hong Kong and Shanghai Banking nor HSBC North America is a parent company of HSBC Mortgage Services, Inc. (Forde Aff. 10, 17). Forde also asserts that neither Hong Kong and Shanghai Banking nor HSBC North America is qualified to do business or actually do any business in West Virginia. (Id. at ¶¶ 6, 13). Further, Forde states that Hong Kong and Shanghai Banking and HSBC North American do not have "any contacts with the State of West Virginia, [are] not registered with the West Virginia Secretary of State's Office, and [have] not authorized any agent or attorney in fact to accept service in West Virginia on [their] behalf." (Id. at ¶¶ 7, 14). Given the opportunity to respond to Forde's affidavit, plaintiffs chose not to do so and have merely offered to allow the dismissal of Hong Kong and

---

Employer Retirement Fund v. Goldfarb Corp., 565 F.3d 1018, 1020 (7th Cir. 2009) ("we accept as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff"); Campbell Pet Co. v. Miale, 542 F.3d 879, 888 (Fed. Cir. 2008); Morrison v. YTB Intern., Inc., 641 F.Supp.2d 768, 777 (S.D. Ill. 2009); Marvel v. Cooley, slip op. 2009 WL 211796 at *3 (N.D. Ind. 2009); ABN AMRO, Inc. v. Capital Intern. Ltd., 595 F.Supp.2d 805, 818 (N.D. Ill. 2008).

Shanghai Banking and HSBC North America without prejudice. Inasmuch as the allegations within plaintiffs' complaint have been controverted by Forde's affidavit, plaintiffs' unsupported pleadings are insufficient for the court to find personal jurisdiction over Hong Kong and Shanghai Banking and HSBC North America. Consequently, based on the facts as asserted by the movants, defendants Hong Kong and Shanghai Banking and HSBC North America are dismissed.

### III

Following the dismissal of the above two parties, the resolution of the motion with regard to HSBC Group remains. The motion to dismiss recites that HSBC Group by counsel joins in the motion, and claims that HSBC Group should be dismissed as it is a fictional entity. (Defs.' Mot. Dismiss at 1). Whereas plaintiffs assert in their complaint that HSBC Group is one of HSBC Mortgage Service Inc.'s parent companies, Forde states in his affidavit that there is no corporate entity named HSBC Group. (Forde Aff. ¶ 3). Plaintiffs have chosen not to contest HSBC Group's existence, and, as noted, have consented to the dismissal of HSBC Group without prejudice. Accordingly, HSBC Group is dismissed without prejudice.

IV

Based upon the foregoing, it is ORDERED that Hong Kong and Shanghai Banking and HSBC North America be, and hereby are, dismissed.  It is further ORDERED that HSBC Group be, and hereby is, dismissed without prejudice.  The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: January 7, 2010

_____
John T. Copenhaver, Jr.
United States District Judge